IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

IRVIN V. COWGILL,

        Petitioner,

v.                                                      Civil Action No. 2:11-cv-67
                                                          (Judge Bailey)

WILLIAM FOX, Warden,

        Respondent.

## REPORT AND RECOMMENDATION

This case was initiated on August 31, 2011 by the filing of a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody. In the petition, the *pro se* petitioner Irvin V. Cowgill ("Petitioner") challenges a conviction and sentence imposed in the Circuit Court of Hampshire County, West Virginia. Presently before the Court are the respondent's answer to the petition and motion for summary for failure to exhaust available state remedies. Petitioner filed a reply to the respondent's motion on November 8, 2011.

## I. Factual and Procedural Background

**A. Petitioner's Conviction and Sentence**

On May 13, 2002, a Hampshire County West Virginia Grand Jury returned an indictment charging Petitioner with one count of murder by use, presentment, and brandishing of a firearm. (Doc. 16-1; Case No. 02-F-17).

A jury trial was held for Petitioner which began on August 20, 2002. On August 22, 2002, a Hampshire County petit jury convicted Petitioner of one count of second degree murder. (Doc. 16-2). Petitioner filed a motion for a new trial and an amended motion for a new trial on September 3, 2002, and September 10, 2002, respectively. The Circuit Court of Hampshire County denied

Petitioner's amended motion on all grounds. The court sentenced Petitioner to 40 years in the state penitentiary. (Doc. 16-4). Pursuant to West Virginia Rule of Criminal Procedure 35(b), Petitioner filed a *pro se* motion for reconsideration of his sentence, as well as a motion for new counsel. The trial court denied both motions on January 27, 2003. (Doc. 16-5). On December 17, 2003, Petitioner filed a *pro se* Rule 35(b) motion, and on April 2, 2003, a writ of mandamus. Petitioner's writ was granted on April 4, 2003. (Doc. 16-7). Petitioner's Rule 35(b) motion was ruled untimely by the trial court by order entered December 18, 2003.

**B. Direct Appeal**

Petitioner appealed his conviction and sentence to the West Virginia Supreme Court of Appeals ("WVSCA") on April 24, 2003. In his appeal, Petitioner asserted the following grounds for relief:

(1) The trial court's failure to grant the Petitioner's Motion for a New Trial, based upon discovery subsequent to trial that one of the jurors was related by marriage to the victim, and failed to answer questions accurately or truthfully during *voir dire* regarding the same.

(2) That the trial court wrongfully admitted into evidence an oral statement made by the Petitioner unto the State police, while in police custody, and that said statement violated West Virginia Rule of Evidence 106, "Remainder of or Related Writings or Recorded Statements."

(3) That the trial court erred in failing to grant the Petitioner's motion for acquittal at the close of trial, as insufficient evidence to support a finding of guilt was presented in this matter.

(4) That the trial court failed to grant the Petitioner's Motion to Dismiss the Indictment made on August 29, 2002, based upon the impropriety of statements made by the State Trooper witness during the Grand Jury Hearing of this case.

(5) The sentence handed down by the trial court violated the prohibition against cruel and unusual punishment contained in the West Virginia Constitution, and the proportionality principle contained therein.

By order entered November 24, 2003, the WVSCA refused the appeal. (Doc. 16-9).

## C. Petitioner's State Habeas Proceedings

Petitioner first filed a state habeas petition on February 3, 2004, alleging the following grounds for relief:

- (A) Ineffective assistance of counsel conviction obtained by action of grand or petit jury which was unconstitutionally select. Counsel failed to remove juror Larry Sowers, brother-in-law of Deputy Sheriff who worked at crime scene.

- (B) Ineffective assistance of counsel due to counsel had failed to suppress coerced confession. That extrajudicial inculpatory statement were made voluntarily, before the statements can be admitted into evidence against one charged with, or suspected of, the commission of crime. It is manifestly unfair to use a small portion of a statement which benefits the government, and not let the defense know what was said in the rest of the statement.

- (C) Violation of Plaintiffs Constitutional right to an unbiased jury, under W. Va. Const., Article III § 10. Thus, "a fair trial requires a meaningful and effective *voir dire* examination when the judge asked the juror's if they were related to the victim by blood or marriage and she choose to remain silent. This had violated the plaintiff to a fair and impartial jury.

- (D) Ineffective assistance of Counsel by allowing the Plaintiff not being at a portion of his trial hearing. The jury had taken a recess the Petitioner was place in holding cell until the jury had come back. But Petitioner's attorney had failed to inform trial court that the Petitioner was down stairs in a holding cell. It was a violation of Petitioner's Constitutional rights under W. Va. Const. Article III, § 14.

- (E) Ineffective assistance of counsel and failure to select a favorable jury.

- (F) Violation of Plaintiff's constitutional rights to unbasis jury under West Virginia Constitution Article III, § 10; Article III, § 13; Article III, § 14; was violated when juror failed to answer direct question of relation relationship to the victim.

- (G) Plaintiff's rights were violated when a brother-in-law to a Deputy Sheriff was on the jury panel.

- (H) Ineffective assistance of Counsel failure to property communicate a plea offer to the plaintiff.

- (I) Plaintiff's constitutional rights of due process and trial by a fair and impartial jury

pursuant to the West Virginia Constitution Article III, § 10 & 14 were violated.

 (J) Ineffective Assistance of counsel for failure to object to evidence being presented to the jury.

(Doc. 16-10)

Counsel was appointed, and on November 15, 2004, Petitioner filed an amended petition for post-conviction review with the state habeas court alleging the following grounds for relief:

 (A) Prejudicial pretrial publicity;

 (B) Mental Competency;

 (C) Mental Competency at time of trial;

 (D) Coercion;

 (E) Erroneous presentence investigation information;

 (F) Irregularities in arrest;

 (G) Excessiveness or denial of bail;

 (H) Refusal of continuance;

 (I) Claim of incompetence at time of offense, as opposed to time of trial;

 (J) Constitutional errors in evidentiary rulings;

 (K) Instructions to the jury;

 (L) Claims of prejudicial statements made by prosecutor;

 (M) Sufficiency of the evidence;

 (N) Severer sentence than expected;

 (O) Excessive Sentence;

 (P) Insufficiency of counsel.

(Doc. 16-11)

On February 6, 2005, the state habeas court requested that Petitioner submit a supplemental brief with the purpose of clarifying if his grounds for relief were based solely upon West Virginia law, or a combination of West Virginia and federal law. (Doc. 16-13). Counsel for Petitioner filed with the state habeas court a second amended habeas petition on May 9, 2005. (Doc. 11-14). The petitioner alleged the following amended grounds for relief:

(A)     Prejudicial pretrial publicity;

(B)     Mental competency;

(C)     Mental competency at time of trial;

(D)     Coercion;

(E)     Erroneous presentence investigation information;

(F)     Irregularities in arrest;

(G)     Excessiveness or denial of bail;

(H)     Refusal of continuance;

(I)     Claim of incompetence at time of offense, as opposed to time of trial;

(J)     Constitutional errors in evidenciary rulings;

(K)     Instructions to the jury;

(L)     Claims of prejudicial statements made by prosecutor;

(M)     Sufficiency of the evidence;

(N)     Severer sentence than expected;

(O)     Excessive sentence;

(P)     Insufficiency of counsel,

Additionally, Petitioner alleged:

(A) Juror Bias, due to the fact that Georgia Hott, the aunt of the victim, served on the jury.

(B) Failure of counsel to provide self-defense instruction, as well as failure of counsel to argue diminished capacity doctrine.

The state habeas court granted Petitioner an omnibus evidentiary hearing by order entered October 14,2005. The habeas court granted the hearing on all grounds for relief except: coercion and irregularities in the arrest; excessiveness and denial of bail; severer sentence than expected and excessive sentence. Relief was denied on the above grounds (Doc. 16-15), and the balance of the grounds were heard on February 26, 2006. (Doc. 16-16). Petitioner was denied any relief in state habeas court by final order entered April 10, 2006. (Doc. 16-17).

### D. Appeal of Denial of Habeas Relief to West Virginia Supreme Court

On October 4, 2006, counsel for Petitioner appealed the state habeas court's order, claiming the following grounds for relief:

(A) Petitioner's trial counsel was ineffective in basing a defense solely on a theory of self-defense under the facts therein;

(B) The circuit court erred in finding that the trial counsel's failure to investigate or interpose a defense of petitioner's diminished capacity did not constitute ineffective assistance of counsel.

The WVSCA summarily denied Petitioner's petition by order entered January 10, 2007. (Doc. 16-18).

### E. Second Habeas Petition in Hampshire County Circuit Court

Proceeding *pro se*, Petitioner filed a second petition for state post-conviction relief pursuant to West Virginia Code § 53-4A-1 *et seq.* in the Circuit Court of Hampshire County (Case No. 07-C-17). The state habeas court accepted Petitioner's petition and appointed counsel. The second petition alleged the following grounds for relief:

     (A)     Judge Donald Cookman was prejudice toward the Petitioner.

     (B)     Diminished capacity at the time of the offense.

     (C)     *Miranda* rights violated.

     (D)     Inneffective assistance of counsel during first habeas proceeding and petition for appeal from first habeas proceeding.

(Doc. 16-19).

Petitioner appended two exhibits to his petition, and on November 19, 2007, Petitioner, by counsel, filed a second amended petition for post conviction review with the state habeas court. In this amended petition, Petitioner alleged the following grounds for relief:

     (A)     Ineffective assistance of prior habeas counsel

(Doc. 16-20).

Respondent's counsel filed a reply on February 5, 2009 (Doc. 16-21), after which Petitioner demanded a second omnibus hearing. Without holding an evidentiary hearing, the state habeas court entered a final order and denied Petitioner any relief on February 10, 2009. (Doc. 16-22). Petitioner's counsel filed a motion to renew previously filed second amended habeas petition with the state habeas court on February 26, 2010. (Doc. 16-23). In this motion, Petitioner's counsel argued that the West Virginia Supreme Court's recent decision in *State v. Harden*, 679 S.E.2d 628 (2009) was fully retroactive and therefore applicable to his second habeas appeal. Article III, § 22 of the West Virginia Constitution, upon which Petitioner's claim is based, reads: "A person has the right to keep and bear arms for the defense of self, family, home and state, and for lawful hunting and recreation use."

Petitioner's retroactivity argument relied solely upon West Virginia law. The state habeas court convened evidentiary hearings on Petitioner's motion on June 4, 2009, May 3, 2010, and July

8, 2010. (Doc. 16-24). The state habeas court denied Petitioner's motion by final order dated August 3, 2010.

**F.    Second Appeal of Denial of Habeas Relief to the West Virginia Supreme Court**

Now proceeding *pro se*, Petitioner appealed the state habeas court's order to the WVSCA on September 21, 2010. According to the WVSCA, however, Petitioner failed to set forth more than what amounted to a supplemental brief in support of his Petition for Appeal.(Doc. 16-28). Petitioner set forth the following ground for relief:

> A.    Mr. Cowgill states as his claim that the Circuit Court has clearly violated his constitutional rights to due process and equal protection clauses or the United States Constitution's Fourteenth Amendment.

(Doc. 16-26)

Counsel was appointed to Petitioner by the state habeas court and Petitioner then filed a petition for appeal with the WVSCA on December 16, 2010. In the petition, Petitioner set forth the following grounds for relief:

> A.    The issue presented is whether Syllabus Point No. 4 of *State v. Harden*, 223 W. Va. 796, 679 S.E.2d 628 (2009) is retroactive and applicable to this action. The Circuit Court of Hampshire County found that *State v. Harden* was not retroactive, and that whether or not it was retroactive, it would not have affected the outcome of Petitioner's trial.

Despite Petitioner's counsel also arguing that Petitioner had previous ineffective assistance of first habeas counsel, that his prior habeas counsel was indifferent to his fate, and that the state habeas court harbored prejudicial bias, the only issue preserved for review was whether *Harden* was retroactive. (Doc. 16-27). The WVSCA denied relief on June 15, 2011, holding that Syl. Pt. 4 of *Harden* was not fully retroactive and that therefore it did not apply to Petitioner's second amended habeas petition. (Doc. 16-28). The Court issued its mandate on July 18, 2011.

**G.     Third Habeas Petition in the West Virginia Supreme Court of Appeals**

Petitioner, proceeding *pro se*, filed a third petition for state post-conviction relief on August 24, 2011, pursuant to West Virginia Code § 53-4A-1 *et seq.* pursuant to the WVSCA's original jurisdiction.(Case No. 11-1220). In the petition, Petitioner alleged the following grounds for relief:

(A)     Newly discovered evidence as the victim was a illegal alien from Mexico and was not an American citizen.

(B)     Prosecution failure to disclose evidence favorable to the defendant. *Brady* violation.

(C)     Ineffective assistance of trial counsel.

The WVSCA filed a scheduling order pursuant to Rule 16 of the Revised Rules of Appellate Procedure on August 26, 2011. On August 29, 2011, respondent's counsel filed a summary response suggesting the matter be remanded to the Circuit Court of Hampshire County. This matter is still pending before the WVSCA.

**H.     Federal Proceedings**

On August 31, 2011, Petitioner filed a federal habeas petition. In the petition, Petitioner alleged the following grounds for relief:

(A)     Newly discovered evidence that victim was an illegal alien from Mexico and was not an American citizen.

(B)     Prosecutorial Misconduct - *Brady* violation.

(C)     Ineffective Assistance of trial counsel.

**I.     The Respondent's Motion for Summary Judgment**

In respondent's motion for summary judgment, the respondent argues that Petitioner has not properly exhausted the claims raised in his § 2254 petition. Specifically, the respondent argues that

because the WVSCA has yet to address the merits of Petitioner's grounds for relief, his claim is unexhausted. Additionally, the respondent argues that the petitioner has failed to prove either a *Brady* violation, a *Strickland* violation, that the premise for his petition is relevant, or that the claims he now seeks to raise in a federal habeas proceeding are the same claims that he raised in state proceedings. Therefore, the respondent argues that because Petitioner has failed to exhaust his claims in state court, as well as other legal deficiencies within the petition, he is currently barred from review of his claims in federal court.

**J.     Petitioner's Reply**

In his reply to the respondent's motion for summary judgment, Petitioner argues that the state court did not have personal jurisdiction in the case because the victim was an illegal alien. Petitioner also asserts that he never received a copy of the respondent's motion for summary judgment in this case. Consequently, he argues that the proper venue for his underlying conviction would have been a federal court.

## II.  Analysis

**A.     The Petitioner Has Not Exhausted His State Judicial Remedies**

State judicial remedies must be exhausted before a petition for a writ of habeas corpus is justified. See U.S.C. § 2254(b). Absent a valid excuse, a petition for writ of habeas corpus should not be entertained unless the petitioner has first exhausted his state remedies. Castille v. Peoples, 489 U.S. 346, 349, *reh'g denied*, 490 U.S. 1076 (1989). To exhaust state remedies, a habeas petitioner must fairly present the substance of his claim to the states' highest court. Matthews v. Evatt, 105 F.3d 907 (4th Cir.), cert. denied, 522 U.S. 833 (1997). "A claim is fairly presented when the petitioner presented to the state courts the substance of his federal habeas corpus claim. The

ground relied upon must be presented face-up and squarely; the federal question must be plainly defined." Id. at 911. "A litigant wishing to raise a federal issue can easily indicate the federal law basis for his claim in a state-court petition or brief... by citing in conjunction with the claim the federal source of law on which he relies or a case deciding such a claim on federal grounds, or by simply labeling the claim 'federal.'" Baldwin v. Reese, 541 U.S. 27, 32 (2004); see also Howell v. Mississippi, 543 U.S. 440, 444, 125 S.Ct. 856, 859 (2005).

In West Virginia, the exhaustion of state remedies is accomplished by a petitioner raising the federal issue on direct appeal from his conviction or in a post-conviction state habeas corpus proceeding followed by an appeal to the West Virginia Supreme Court of Appeals. See Moore v. Kirby, 879 F. Supp. 592, 593 (S.D. W. Va. 1995); see also Bayerle v. Godwin, 825 F. Supp. 113, 114 (N.D. W. Va. 1993). A federal court may only consider those issues the petitioner presented to the state court,[1] and "[a]n applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).

In addition, it is the petitioner's burden to demonstrate that he has exhausted his state judicial remedies. Breard v. Pruett, 134 F.3d 615, 619 (4th Cir.), cert. denied, 523 U.S. 371 (1998). "The exhaustion requirement is not satisfied if the petitioner presents new legal theories or factual claims for the first time in his federal habeas petition." Id. "If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claims that an evidentiary ruling at a state court trial denied him the due process of law guaranteed

---

[1] Picard v. Conner, 404 U.S. 270 (1971).

by the Fourteenth Amendment, he must say so, not only in federal court, but in state court." <u>Duncan v. Henry</u>, 513 U.S. 364, 365 (1995). Further, in addition to providing the state court with the facts supporting the claimed constitutional violation, the petitioner must also "explain how those alleged events establish a violation of his constitutional rights." <u>Mallory v. Smith</u>, 27 F.3d 991, 994 (4th Cir. 1994).

Petitioner appealed his conviction to the West Virginia Supreme Court of Appeals. Therefore, any federal claims raised on direct appeal would be exhausted for purposes of federal habeas review. It appears that the only claim that Petitioner raises in his federal appeal is a *Brady* violation by the prosecution. However, nowhere in his petition for appeal does he mention or even allude to a federal claim with regard to this ground. Thus, because Petitioner failed to identify plainly his claim as one arising under the federal constitution or federal law, he failed to present the substance of his federal claim to the state court. See <u>Matthews v. Evatt</u>, <u>supra</u>.

In sum, Petitioner failed to present the same federal claim in both state and federal proceedings. Because he has failed to properly present his claims or prove that a federal claim exists, he is not entitled to have a federal court consider his state court conviction. Moreover, Petitioner's most recent appeal to the West Virginia Supreme Court of Appeals is still pending, so his state court remedies are currently unexhausted.

**B.**     **New Evidence Claimed by Petitioner is Unsupported and Irrelevant**

Petitioner claims that new evidence has been discovered that the victim was an illegal alien and not an American citizen. However, Petitioner has presented no documentation or evidence to this effect. Moreover, state courts have jurisdiction over all non-federal criminal actions within their borders. *See, e.g.,* U.S. Const. amend. XIV, § 1; *Plyer v. Doe*, 457 U.S. 202, 227 (1982). The

Fourteenth Amendment states that the location of the crime is the dispositive factor regarding jurisdiction. Petitioner violated West Virginia law, and therefore the state court had proper jurisdiction in this case.

### III. Recommendation

For the reasons set forth above, it is recommended that the respondent's Motion for Summary Judgment (Doc.16) be **GRANTED** and petitioner's § 2254 petition be **DISMISSED with PREJUDICE.**

Within fourteen (14) days after being served with a copy of this report and recommendation, any party may file with the Clerk of Court written objections identifying those portions of hte recommendation to which objection is made and the basis for such objections. A copy of any objections should also be submitted to the Honorable John Preston Bailey, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of hte right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to send a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket, and to counsel of record via electronic means.

**DATED**: July 10, 2012

_____
DAVID J. JOEL
UNITED STATES MAGISTRATE JUDGE