**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA
ELKINS**

**IRVIN V. COWGILL**,

      Petitioner,

**v.**                                         **CIVIL ACTION NO. 2:11-CV-67
(BAILEY)**

**WILLIAM FOX,
Warden of St. Marys Correctional Center,**

      Respondent.

**ORDER ADOPTING REPORT AND RECOMMENDATION**

**I.     Introduction**

On this day, the above-styled matter came before this Court for consideration of the

Report and Recommendation of United States Magistrate Judge David J. Joel [Doc. 21].

By Local Rule, this action was referred to Magistrate Judge Joel for submission of a report

and a recommendation ("R&R").  Magistrate Judge Joel filed his R&R on July 10, 2012.  In

that filing, the magistrate judge recommends that this Court grant the respondent's Motion

for Summary Judgment [Doc. 16] and deny and dismiss with prejudice petitioner Irvin V.

Cowgill's § 2254 petition [Doc. 1].

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo*

review of those portions of the magistrate judge's findings to which objection is made.

However, the Court is not required to review, under a *de novo* or any other standard, the

factual or legal conclusions of the magistrate judge as to those portions of the findings or

recommendation to which no objections are addressed.  ***Thomas v. Arn***, 474 U.S. 140,

150 (1985).  In addition, failure to file timely objections constitutes a waiver of *de novo* review and the right to appeal this Court's Order.  28 U.S.C. § 636(b)(1); ***Snyder v. Ridenour***, 889 F.2d 1363, 1366 (4th Cir. 1989); ***United States v. Schronce***, 727 F.2d 91, 94 (4th Cir. 1984).  Here, objections to Magistrate Judge Joel's R&R were due on or before August 14, 2012 [Doc. 24].  Cowgill timely objected on August 10, 2012.  Accordingly, this Court will undertake a *de novo* review of those portions of the magistrate judge's findings to which objection is made.  The Court will review the remainder of the R&R for clear error.

## II.     Background

On August 22, 2002, a Hampshire County, West Virginia, petit jury convicted Cowgill of second degree murder.  On October 3, 2002, Cowgill was sentenced to 40 years in the state penitentiary.

On April 24, 2003, Cowgill appealed his conviction and sentence.  On November 24, 2003, the Supreme Court of Appeals of West Virginia refused the appeal.

On February 3, 2004, Cowgill, by counsel, filed his first state habeas petition in the Circuit Court of Hampshire County (Civil Action No. 04-C-10).  On April 10, 2006, the circuit court denied Cowgill's first petition.  Cowgill appealed but was summarily denied on January 10, 2007.

On February 8, 2007, Cowgill, proceeding *pro se*, filed his second state habeas petition in the Circuit Court of Hampshire County (Civil Action No. 07-C-17).  On August 3, 2010, the circuit court denied Cowgill's second petition.  Cowgill appealed but was again denied relief on June 15, 2011.

On August 24, 2011, Cowgill, proceeding *pro se*, filed his third state habeas petition, this time invoking the original jurisdiction of the Supreme Court of Appeals (Case No. 11-1220).  His third petition contains three grounds, namely: (1) he discovered new evidence that the victim was an illegal alien from Mexico; (2) the prosecution failed to disclose evidence that the victim was an illegal alien from Mexico and had a criminal history; and (3) his trial counsel was ineffective "for allowing [him] to be convicted for second degree murder, when the crime was a manslaughter because the victim was attempting to commit a arm [sic] robbery against [him] who was just trying to protect himself and family from being killed."  ([Doc. 16-37] at 8).  The Supreme Court of Appeals ordered that any response be filed on or before September 28, 2011.  On August 29, 2011, the State of West Virginia responded that resolution of Cowgill's claims "would require the taking of evidence by the habeas court" and requested that the matter be remanded to the Circuit Court of Hampshire County for the commencement of a habeas proceeding.  On February 14, 2012, the Supreme Court of Appeals remanded the matter to the Circuit Court of Hampshire County for the appointment of counsel to file a habeas petition on behalf of Cowgill.

On February 14, 2012, the Circuit Court of Hampshire County opened Cowgill's third state habeas proceeding.  (Civil Action No. 12-C-16).  On February 23, 2012, the circuit court appointed Cowgill counsel to file a habeas petition on his behalf.  On June 15, 2012, Cowgill's appointed counsel moved to withdraw.  On June 19, 2012, the circuit court permitted Cowgill's appointed counsel to withdraw and appointed him replacement counsel. The same day, the circuit court ordered that any amended petition be filed on or before

August 20, 2012, with any answer due on September 20, 2012.  This state habeas proceeding is still pending.

Meanwhile, on August 31, 2011, Cowgill filed the instant Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus By a Person in State Custody [Doc. 1] in this Court.  The instant petition contains the same three grounds involved in Cowgill's most recent, and currently pending, state habeas proceeding.  On October 13, 2011, the respondent filed the instant Motion for Summary Judgment [Doc. 16], arguing, *inter alia*, that Cowgill has failed to exhaust his state court remedies.

On July 10, 2012, Magistrate Judge Joel issued the instant R&R recommending that this Court grant the respondent's motion and deny and dismiss with prejudice the § 2254 petition [Doc. 21].  In support of his recommendation, the magistrate judge concluded, *inter alia*, that Cowgill has failed to exhaust his state court remedies.

On July 31, 2012, Cowgill moved this Court for an extension to file objections to the R&R.  On August 1, 2012, this Court granted Cowgill an extension until August 14, 2012, to file objections.  On August 10, 2012, Cowgill filed his Objections [Doc. 26] attaching the criminal complaint as purported evidence that the victim was an illegal alien from Mexico. Cowgill, however, fails to respond to the magistrate judge's finding that he has failed to exhaust his state court remedies.

## III.   Analysis

Pursuant to 28 U.S.C. § 2254(b)(1)(A), "[a]n applicant for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in

the courts of the State . . .."

Upon a *de novo* review, this Court finds that Cowgill has failed to demonstrate that he has exhausted the state court remedies available to him.   Specifically, a habeas proceeding involving the identical claims presented here is still pending in state court. Therefore, § 2254(b)(1)(A) precludes this Court from addressing Cowgill's instant petition. Accordingly, Cowgill's Objections should be **OVERRULED**.

## IV.      Conclusion

Upon careful review, it is the opinion of this Court that the magistrate judge's Report and Recommendation **[Doc. 21]** should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated therein.   As such, this Court hereby **GRANTS** the respondent's Motion for Summary Judgment **[Doc. 16]**.   Additionally, Cowgill's Objections **[Doc. 26]** are **OVERRULED**.   Accordingly, Cowgill's § 2254 petition **[Doc. 1]** is hereby **DISMISSED WITHOUT PREJUDICE**, and this matter is **ORDERED STRICKEN** from the active docket of this Court.

As a final matter, this Court hereby **DENIES** Cowgill a certificate of appealability, finding that reasonable jurists would not debate the conclusion that his petition should be dismissed without prejudice because he has failed to exhaust his state court remedies. See *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); 28 U.S.C. § 2253(c)(2).

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record and to mail a copy to the *pro se* petitioner.

**DATED:** August 13, 2012.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE